**NOT FOR PUBLICATION**

**FILED**

AUG 23 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| BERNARDO ALONZO CALVO-RODRIGUEZ, | No. 15-71567 |
| Petitioner, | Agency No. A200-835-460 |
| v. | MEMORANDUM* |
| WILLIAM P. BARR, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 19, 2019**

Before: SCHROEDER, PAEZ, and HURWITZ, Circuit Judges.

Bernardo Alonzo Calvo-Rodriguez, a native and citizen of El Salvador,

petitions for review of the Board of Immigration Appeals' ("BIA") order

dismissing his appeal from an immigration judge's decision denying his

application for asylum, withholding of removal, and relief under the Convention

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

Against Torture ("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Garcia-Milian v. Holder*, 755 F.3d 1026, 1031 (9th Cir. 2014). We deny in part and dismiss in part the petition for review.

Substantial evidence supports the agency's conclusion that Calvo-Rodriguez failed to establish that the harm he experienced or fears in El Salvador was or will be on account of a protected ground. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) ("An [applicant's] desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground."); *Santos-Lemus v. Mukasey*, 542 F.3d 738, 747 (9th Cir. 2008) (petitioner's general aversion to gangs did not constitute a political opinion), *abrogated on other grounds by Henriquez-Rivas v. Holder*, 707 F.3d 1081, 1093 (9th Cir. 2013) (en banc). Thus, Calvo-Rodriguez's asylum and withholding of removal claims fail.

Substantial evidence also supports the agency's denial of CAT relief because Calvo-Rodriguez failed to show it is more likely than not that he would be tortured by or with the consent or acquiescence of the government if returned to El Salvador. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

In his opening brief, Calvo-Rodriguez does not challenge the agency's determination that Calvo-Rodriguez failed to establish that he will be harmed

2                                                    15-71567

based on his family membership. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir. 1996) (issues not specifically raised and argued in a party's opening brief are waived).

We lack jurisdiction to consider Calvo-Rodriguez's contention regarding his proposed social group of people who are affluent or perceived as affluent because he failed to raise it to the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004) (court lacks jurisdiction to review claims not presented to the agency).

Calvo-Rodriguez's request for judicial notice as set forth in his opening brief is denied.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**